IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY L. MORRIS, | ) |
| Petitioner, | ) Civil Action No. 2:23-cv-2141 |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| RENEWAL INC., *et al.*, | ) |
| Respondents. | ) |

**MEMORANDUM**

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus (ECF 5) filed by Gregory L. Morris under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the Petition because it is moot.

**I.     Relevant Background**

In November 2015, Morris was sentenced in the United States District Court for the Northern District of West Virginia for Distribution of Heroin within 1,000 Feet of a Protected Location. The district court sentenced him to serve a term of incarceration of 96 months and 20 days. (Resp's Ex. 1, ECF 10-1.)

In December 2023, Morris filed with this Court a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[2] (ECF 5.) Morris claims the Bureau of Prisons ("BOP") violated his due process rights during a 2023 disciplinary proceeding. As a result, Morris asserts, he lost 41 days

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (ECF 2, 8.)

[2] When Morris filed the Petition, he was still serving his federal sentence. At the time, the BOP had designated him to a Residential Reentry Center managed by the Pittsburgh Residential Reentry Management Office. (Resps' Ex. 1, ECF 10-1.) Morris was housed at the Butler County Jail for reasons he did not explain in the Petition.

1

of Good Time Credit. Morris also claims that he is entitled to credits applied to his sentence and prerelease custody under the First Step Act. (*Id.* at 6.) As relief, Morris seeks an order from the Court directing the BOP to "expunge the disciplinary action since [he is] innocent[,] restore [his] 41 [days of lost Good Time Credit] and give [him] immediate release." (*Id.* at 7.)

Respondents have filed a Notice of Suggestion of Mootness (ECF 10) in lieu of an Answer. Respondents explain that BOP released Morris from federal custody on April 5, 2024 after he received good conduct time credit. Because Morris is no longer in federal custody, Respondents assert, the Petition is moot.

## II. Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean "'put into effect' or 'carry out.'").

It is a well-established principle that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), which cited *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) and *Valley Forge Christian College v.*

*Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013).

That is the case here. Morris was released from federal custody on April 5, 2024. Thus, there is no relief that this Court can provide to him and this habeas case is now moot. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

**III.     Conclusion**

Based on all of the foregoing, the Court will dismiss the Petition because it is moot.[3] An appropriate Order follows.

Dated:  May 16, 2024                         /s/ Patricia L. Dodge
                                             PATRICIA L. DODGE
                                             United States Magistrate Judge

---

[3] Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012). The Court therefore makes no certificate of appealability determination in this case.